UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-01192-ODW (SK) | Date | February 5, 2024 |
|---|---|---|---|
| Title | Erick Silva v. Deputy C. Marin, et al. | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **FINAL ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner suing under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while detained at the Theo Lacy Facility. On November 10, 2023, defendants Cesare Marin, Mathew Harm, and Evan Sanchez moved for summary judgment. (ECF 69). Plaintiff's opposition to defendants' motion was thus due by December 11, 2023. (ECF 70). Plaintiff filed no such opposition. So on December 22, 2023, the court ordered plaintiff to show cause in writing why the unopposed summary judgment motion should not be granted. (ECF 72). Plaintiff could have satisfied that show-cause order by filing an opposition by January 16, 2024. But as of this order, plaintiff has neither filed an opposition nor responded in any way to the show-cause order. And the court has received no notice of change of address or undeliverable mail to suggest that plaintiff may not have seen the court's orders.

As a result, plaintiff is ORDERED TO SHOW CAUSE in writing by no later than **February 22, 2024**, why this action should not be dismissed—in its entirety—for lack of prosecution and failure to obey court orders. Plaintiff may satisfy this order by filing an opposition to defendants' summary judgment motion or a notice of voluntary dismissal (using the attached form CV-09x) by February 22, 2024. But if plaintiff files no timely notice of voluntary dismissal, opposition to the summary judgment motion, or other written response to this order by that deadline, this entire action may be involuntarily dismissed for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. This is plaintiff's SECOND and FINAL warning that failing to comply with court orders can lead to involuntary dismissal with no further notice.